## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-4726-GW(FFMx) | Date | August 6, 2015 |
| Title | Jose Herrera, et al. v. Wells Fargo Bank, N.A., et al. | | |

**Present: The Honorable** GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Debi Read | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

    Jose Herrera, *pro se*
    Carolina Herrera, *pro se*

Attorneys Present for Defendants:

    Hassan Elrakabawy

**PROCEEDINGS:**     **DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [8];**

    **SCHEDULING CONFERENCE**

The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendants' motion is GRANTED WITH LEAVE TO AMEND. Plaintiffs will have until September 4, 2015 to file a First Amended Complaint.

The Scheduling Conference is TAKEN OFF-CALENDAR. The Court sets a Status Conference for September 17, 2015 at 8:30 a.m.

 

     :      04

Initials of Preparer    JG

*Herrera, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. CV-15-4726-GW (FFMx)
Tentative Ruling on Motion to Dismiss

## I. Background

Jose Herrera and Carolina Herrera ("Plaintiffs") assert seven causes of action against Wells Fargo Bank, N.A. ("Wells Fargo"), Ocwen Loan Servicing, LLC ("Ocwen"), and Power Default Services, Inc. ("Power Default") (collectively, "Defendants"): (1) contractual misrepresentation, (2) quiet title, (3) declaratory relief, (4) equitable relief, (5) injunctive relief, (6) wrongful foreclosure, and (7) violation of the California Homeowner's Bill of Rights. *See generally* Compl., Docket No. 1-1.

Plaintiffs allege that they reside in and own title to the real property located at 217 Roundabout Drive, La Puente, California 91744 (the "Property"). *See* Compl. ¶¶ 2, 12-13. Plaintiffs allege that, on November 14, 2006, they executed a Promissory Note (the "Note") secured by a Deed of Trust (the "Deed of Trust"), thereby obtaining a $471,750.00 loan secured by the Property. *See id.* ¶ 18. The Deed of Trust named non-party SRI as the lender and First Title and Escrow ("FTE") as the trustee. *See id.*

Plaintiffs allege that the Promissory Note and Deed of Trust are fraudulent because the statements contained therein led Plaintiffs to believe they would receive a loan in the amount of $471,750.00, yet "nowhere in the [documents] does one find where [SRI] agrees to . . . provide an actual loan of monies, or convey real property, or provide anything of consideration for the debt obligation."[1] *See id.* ¶¶ 14-15. Thus, Plaintiffs allege their agreement to owe SRI $471,750.00 was based upon fraudulent misrepresentation. *See id.* ¶ 14.

Plaintiffs further allege that on July 10, 2013 a Substitution of Trustee was recorded, which improperly substituted Defendant Power Default as the trustee for the Deed of Trust. *See id.* ¶¶ 20-23. On August 27, 2014, Plaintiffs received a Notice of Default – indicating that they had defaulted on approximately $266,370.04 worth of payments due on the loan – which named Power Default as the current trustee and attached a Declaration of Compliance. *See id.* ¶¶ 19-20,

---

[1] Paragraph "E" of the Deed of Trust references the Promissory Note, indicating that "[t]he Note states that Borrower (Plaintiffs) owes Lender (SRI)" $471,750.00. *See* Compl. Ex. A, Docket No. 1-1. The Deed of Trust does not expressly state that SRI will provide the monies for the loan. Plaintiffs failed to attach a copy of the Promissory Note.

1

Ex. B. In the Declaration of Compliance, Defendant Wells Fargo claimed that "[Power Default] has contacted [Plaintiffs] to discuss [Plaintiffs'] financial situation and to explore options for the [Plaintiffs] to avoid foreclosure in compliance with California Civil Code Section 2923.5." *See id.* ¶ 20. Plaintiffs deny ever having received such contact. *See id.* ¶¶ 20, 41.

On December 11, 2014, a Notice of Trustee's Sale was recorded against the Property. *See* Defs.' Request for Judicial Notice ("RJN"),[2] Ex. 1, Docket No. 9-1. A Trustee's Deed Upon Sale was recorded on February 17, 2015, indicating that the Property was sold at public auction on January 16, 2015. *See* Defs.' RJN, Ex. 2, Docket No. 9-2. Plaintiffs protest the foreclosure and sale of the Property, contending that the Notice of Default, Substitution of Trustee, and Notice of Trustee's Sale are void because they violate California Penal Code § 115,[3] California Civil Code § 2923.5, and the California Homeowner's Bill of Rights. *See id.* ¶¶ 45-46.

Accordingly, Plaintiffs request: (1) that the Note and Deed of Trust be deemed fraudulent; (2) damages equitable to Plaintiffs' suffering, including damages for payments made to Defendants pursuant to the fraudulent notes; (3) quiet title to the Property, including the denial of any right, title, estate, lien, or interest in the Property claimed by Defendants; (4) injunctive relief; (5) attorney's fees[4] and costs of bringing this action; and (6) any other relief deemed just and proper. *See id.* at 29:1-14.

---

[2] In connection with their Motion to Dismiss, Defendants submitted a Request for Judicial Notice, asking the Court to take judicial notice with respect to two documents recorded in the official records of Los Angeles County (the Notice of Trustee's Sale and Trustee's Deed Upon Sale), the case summary for Los Angeles Superior Court Case No. 15P01669, and a list of mortgage servicers that foreclosed on more than 175 residential real properties located in California in 2012, as published online by the California Department of Business Oversight. *See generally* Defs.' RJN, Docket No. 9. The Court grants Defendants' request for Judicial Notice as to the Notice of Trustee's Sale, the Trustee's Deed Upon Sale, and the case summary. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record.") (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *Cooksey v. Taylor*, No. CV 10-9720-JFW MAN, 2011 U.S. Dist. LEXIS 95480, at *7-8, 2011 WL 3756342 (C.D. Cal. July 26, 2011), *recommendation adopted by* 2011 U.S. Dist. LEXIS 95482, 2011 WL 3756240 (C.D. Cal. Aug. 24, 2011) (taking judicial notice of court dockets and case summaries); *Velazquez v. GMAC Mortg. Corp.*, 605 F.Supp.2d 1049, 1057-58 (C.D. Cal. 2008) (taking judicial notice of documents recorded by the Los Angeles County Recorder's Office, including deeds of trust). The Court declines to take judicial notice of the California Department of Business Oversight webpage because Defendants rely on it for the truth of the matters it reflects and, additionally, it is unclear whether the 2012 statistics listed on the webpage pertain to the relevant time period in this case. *See Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM AJWX, 2015 U.S. Dist. LEXIS 82922, at *37 n.35, 2015 WL 3914741 (C.D. Cal. June 25, 2015) (reaching the same conclusion as to the same webpage used in the same manner).

[3] California Penal Code § 115 deals with "[p]rocuring or offering false or forged instrument for record; violations; punishment." *See* Cal. Penal Code § 115.

[4] Plaintiffs include a request for attorney's fees, yet Plaintiffs are appearing *pro se*. *See* Compl. at 29:13.

## II. Legal Standard

Under Rule 12(b)(6), a party may seek dismissal of a claim for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the pleading party fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When considering a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (alterations and citation omitted).

Generally, a court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). There are two exceptions: 1) when material is attached to the complaint or referenced and necessarily relied on by the complaint, and 2) when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. *Id.* at 688-89 (further indicating that on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and that doing so does not convert a Rule 12(b)(6) motion to one for summary judgment).

## III. Analysis

### A. Failure to File an Opposition

Local Rule 7-9 requires that parties against whom a motion is filed either file an opposition or a written statement of non-opposition no later than twenty-one days before the designated hearing date for the motion. C.D. Cal. L.R. 7-9. Courts in this district may, and

3

frequently do, grant unopposed motions where a timely opposition is not filed. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a litigant's failure to oppose as consent to granting the motion); *Crescitelli v. Bank of Am., N.A.*, 569 F.App'x 531, 532 (9th Cir. 2014) ("After removal, Bank of America filed a motion to dismiss for failure to state a claim. Plaintiffs did not file an opposition to that motion. Rather than grant the motion outright, the district court instead dismissed the complaint without prejudice, giving Plaintiffs leave to file an amended complaint within thirteen days of its order. The order expressly warned that failure to file an amended complaint would result in dismissal with prejudice.").

Defendants filed their Motion to Dismiss on June 29, 2015 and noticed a hearing date of August 6, 2015. *See* Mot. to Dismiss ("MTD") at 1:25, Docket No. 8. Plaintiffs' Opposition was due on July 16, 2015. C.D. Cal. L.R. 7-9 (opposing papers shall be filed twenty-one days before the noticed hearing date). Plaintiffs' failure to respond to the Motion warrants dismissal outright. C.D. Cal. L.R. 7-12. Nevertheless, the Court shall briefly consider the merits of Defendants' Motion, and would grant the Motion both on the merits and on Plaintiffs' failure to oppose it.

### B. Failure to State a Claim

#### 1. Plaintiffs' Failure to Allege Tender Requires the Dismissal of Their Claims for Quiet Title, Equitable Relief, Injunctive Relief, and Wrongful Foreclosure

Under California law, the "tender rule" requires that an action to set aside a sale "for irregularities in sale notice or procedure" must be "accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (1984) (citing *Karlsen v. Am. Savings & Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971)). Thus, any "cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Id.* at 579 (citing *Karlsen*, 15 Cal.App.3d at 121). "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 112 (2011) (alteration in original) (citation omitted).

Defendants contend that Plaintiffs' second through seventh claims – for quiet title, declaratory relief, equitable relief, injunctive relief, wrongful foreclosure, and violation of the California Homeowner's Bill of Rights – fail because the claims "are integrated with [Plaintiffs'] contention that the foreclosure sale of the Property was irregular" and Plaintiffs have not alleged tender or an exception to the tender rule. *See* MTD at 4:1-8. Plaintiffs only assert that they "could pay the mortgage if the payments were equal to 31% of [their] collective gross income," which is insufficient. *See Intengan v. BAC Home Loans Servicing LP*, 214 Cal.App.4th 1047, 1053 (2013) (finding that allegation of plaintiff's willingness "to tender the appropriate and reasonable mortgage payments" was insufficient because "[a] valid tender of performance must be of the full debt, in good faith, unconditional, and with the ability to perform").

Tender is required for Plaintiffs' claims for quiet title, equitable relief, injunctive relief, and wrongful foreclosure. *See Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1177-78 (E.D. Cal. 2010) (indicating that a plaintiff must pay or offer to pay any outstanding debts on the subject property before an action to quiet title may be commenced); *Plastino v. Wells Fargo Bank*, 873 F.Supp.2d 1179, 1186 (N.D. Cal. 2012) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.") (quoting *Karlsen*, 15 Cal.App.3d at 117); *Permito v. Wells Fargo Bank, N.A.*, No. C-12-00545 YGR, 2012 U.S. Dist. LEXIS 55977, at *21, 2012 WL 1380322 (N.D. Cal. Apr. 20, 2012) ("[I]n order to set aside a foreclosure, Plaintiff must allege that she offered to tender the full amount of the secured indebtedness or that she was excused from tendering.") (citations omitted). Plaintiffs' declaratory judgment claim, however, appears to be premised on their contractual misrepresenttation claim, not on any alleged irregularity of the foreclosure sale. *See* Compl. ¶¶ 27-28, 30.

However, tender is not necessary to assert a claim under the California Civil Code § 2923.5, which serves as the basis for Plaintiffs' California Homeowner's Bill of Rights claim. *See Mabry v. Superior Court*, 185 Cal.App.4th 208, 225-26 (2010) (excusing tender with respect to claims brought pursuant to California Civil Code § 2923.5 because "it would defeat the purpose of the statute to require the borrower to tender the full amount of the indebtedness *prior* to any enforcement of the right to – and that's the point – the right to be *contacted* prior to the notice of default." (emphasis in original)). Thus, Plaintiffs' failure to allege tender is not fatal to their declaratory judgment or California Homeowner's Bill of Rights claims, but requires the dismissal of Plaintiffs' claims for quiet title, equitable relief, injunctive relief, and wrongful

5

foreclosure.

### 2. Plaintiffs' Contractual Misrepresentation Claim Is Time-Barred

Defendants contend that Plaintiffs' claim for contractual misrepresentation and fraud pursuant to California Civil Code § 1572 is time-barred. *See* MTD at 5:13-24. An action for relief on the ground of fraud must be initiated within three years of "the discovery, by the aggrieved party . . . , of the facts constituting the fraud." *See* Cal. Civ. P. Code § 338(d). Plaintiffs' contractual misrepresentation and fraud claim appears to be based on the allegation that Defendants did not lend money to Plaintiffs pursuant to the terms of the Note. *See* Compl. ¶ 28. Plaintiffs allege that the Note was executed on or about November 14, 2006. *See id.* ¶ 14. Absent some indication that Plaintiffs somehow did not discover that they had not received a loan of $471,750.00 for roughly five and a half years, Plaintiffs' contractual misrepresentation and fraud claim is time-barred. Moreover, Plaintiffs' allegations fail to satisfy the pleading standard required for fraud-based claims. *See* Fed. R. Civ. P. 9(b).

### 3. Plaintiffs' Declaratory Relief Claim Is Duplicative of Plaintiffs' Contractual Misrepresentation Claim

Plaintiffs' declaratory relief claim appears to be premised entirely on their contractual misrepresentation claim. *See* Compl. ¶¶ 27-28, 30. When claims for declaratory relief are duplicative of other claims, then declaratory relief is redundant and therefore unnecessary. *See Concorde Equity II, LLC v. Miller*, 732 F.Supp.2d 990, 1003 (N.D. Cal. 2010). Moreover, Plaintiffs' claim for declaratory relief seeks to redress past wrongs and is therefore incognizable. *See* Schwarzer, Tashima, *et al.*, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (2011) ("Schwarzer & Tashima"), § 10:24, at 10-11 ("Basically, the question is whether there is a 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, 854 F.Supp.2d 697, 712 (N.D. Cal. 2012) ("A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties under a written instrument or with respect to property and requests that the rights and duties of the parties be adjudged by the court.").

Additionally, as claims for declaratory relief are not independent causes of action, a plaintiff is not entitled to declaratory relief absent a valid underlying claim. *See Shaterian v.*

*Wells Fargo Bank, N.A.*, 829 F.Supp.2d 873, 888 (N.D. Cal. 2011) ("This claim is ultimately a request for relief, and [the plaintiff] is not entitled to such relief absent a viable underlying claim."); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F.Supp.2d 1092, 1104 (E.D. Cal. 2010) (dismissing claim for declaratory relief because plaintiffs' other claims, including fraud-based claims, were dismissed). Here, Plaintiffs seek a determination of the parties' rights and duties with respect to the Note and Deed of Trust in light of Defendants' alleged fraudulent conduct, a claim which was dismissed. For the foregoing reasons, the Court would dismiss Plaintiffs' declaratory relief claim with prejudice.

### 4. Plaintiffs' Claim Pursuant to California Civil Code § 2923.5 Fails

First, Defendants argue that Plaintiffs' claim under California Civil Code § 2923.5 should be dismissed because the statute only applies to servicers that conduct "175 or fewer foreclosures in one year," while Ocwen, Wells Fargo's servicing agent, is "a large servicer with more than 175 foreclosures in one year." *See* MTD at 13:24-14:3. In support, a list of mortgage servicers that foreclosed on more than 175 residential real properties located in California in 2012, as published online by the California Department of Business Oversight. *See id.*; *see also* Defs.' RJN, Ex. 4, Docket No. 9-4. The Court earlier declined to take judicial notice of this webpage. *See supra* footnote 2. California Civil Code § 2924.18 provides that section 2923.5 applies "only to a depository institution chartered under state or federal law, a person licensed pursuant to Division 9 . . . or Division 20 . . . of the Financial Code, or a person licensed pursuant to Part 1 . . . or Division 4 of the Business and Professions Code, that, *during its immediately preceding annual reporting period*, as established with its primary regulator, foreclosed on 175 or fewer residential real properties, containing no more than four dwelling units, that are located in California." Cal. Civ. Code § 2924.18(b) (emphasis added). Not only is it unclear whether the 2012 reporting period is the relevant period for Plaintiffs' claim but, moreover, whether Ocwen foreclosed on fewer than 175 residential real properties during the relevant time period is a question of fact. The Court therefore declines to dismiss Plaintiffs' section 2923.5 claim on this basis.[5]

Second, Defendants contend that Plaintiffs' claim under section 2923.5 is inadequately pled. *See* MTD at 14:14-15:11. "[California] Civil Code [§] 2923.5 requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the

---

[5] In addition, even if section 2923.5 is not applicable, section 2923.55, which applies to entities that exceed the 175 foreclosure threshold, imposes similar pre-foreclosure contact requirements. *Compare* Cal. Civ. C. § 2923.5 *with* Cal. Civ. Code § 2923.55.

7

borrower's financial situation and 'explore' options to prevent foreclosure." *Mabry*, 185 Cal.App.4th at 213-14. It also requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with the section, including whether attempts were made "with due diligence to contact the borrower." Cal. Civ. Code § 2923.5(b). Plaintiffs conclusorily allege that they "were not contacted by Lender [Wells Fargo]" and that "[t]here was [n]o attempt by Defendant [Wells Faro] to contact them" without the inclusion of any factual allegations for support. *See* Compl. ¶ 55. As the Court has noted, a complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 664.

In addition, the only remedy afforded by section 2923.5 is a one-time postponement of the foreclosure sale before it happens. *See Bascos v. Fed. Home Loan Mortg. Corp.*, No. CV 11-3968-JFW JCX, 2011 U.S. Dist. LEXIS 86248, at *16-17, 2011 WL 3157063 (C.D. Cal. July 22, 2011) (quoting *Mabry*, 185 Cal.App.4th at 214). Because the foreclosure sale has already occurred, Plaintiffs cannot as a matter of law state a claim for relief under section 2923.5. *See Benson v. Ocwen Loan Servicing, LLC*, 562 F.App'x 567, 570 (9th Cir. 2014) ("This claim fails because the foreclosure sale has already occurred, and therefore [the plaintiff] has no available remedy.") (citing *Skov v. U.S. Bank Nat'l Ass'n*, 207 Cal.App.4th 690, 696 (2012)). As such, the Court ould dismiss this claim with prejudice.

## IV. Conclusion

The Court would GRANT Defendants' unopposed Motion to Dismiss with leave to amend, except as to Plaintiffs' declaratory relief and California Civil Code § 2923.5 claims, which would be dismissed with prejudice. Plaintiffs must file and serve a First Amended Complaint **on or before August 27, 2015. Failure to file by August 27, 2015 will result in the dismissal of the remaining claims with prejudice.**